

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CIRILO TRUJILLO-ACOSTA,<br><br>  Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA<br><br>  Respondent. | Cr. No.  04-1098GT<br>Cv. No.  05-1264GT<br><br>**ORDER** |

On June 14, 2005, Petitioner, Cirilo Trujillo-Acosta ("Mr. Trujillo "), filed a Motion to Vacate, Set Aside or Correct Sentence, pursuant to 28 U.S.C. § 2255. Mr. Trujillo argues that his sentence violates the law set forth in <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), <u>Blakely v. Washington</u>, 124 S. Ct. 2531 (2004), and <u>United States v. Ameline</u>, 409 F.3d 1073 (9th Cir. 2005). Mr. Trujillo also argues that his sentence violates the new law as set forth in <u>United States v. Booker</u>, No. 04-104 and <u>United States v. Fanfan</u>, No. 04-105, 125 S. Ct. 738 (2005). The Court has fully considered this matter, including a review of Mr. Trujillo's brief filed, the authorities cited therein and the arguments presented. For the reasons stated below, Mr. Trujillo's Motion to Vacate, Set Aside or Correct Sentence is **DENIED**.

1    First, Mr. Trujillo pled guilty, pursuant to a written plea agreement, to two counts of illegal entry by an alien, in violation of 8 U.S.C. § 1325. In the written plea agreement, Mr. Trujillo explicitly waived his right to appeal and/or collaterally attack his conviction or sentence. The Ninth Circuit has long acknowledged that the terms of a plea agreement are enforceable. *See*, United States v. Baramdyka, 95 F.3d 840, 843 (9th Cir. 1996), *cert. denied*, 117 S.Ct. 1282 (1997). Since Mr. Trujillo expressly waived his statutory right to appeal or collaterally attack his sentence in his plea agreement, Mr. Trujillo is now precluded from challenging that sentence pursuant to 28 U.S.C. § 2255. *See*, United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993) (holding that a knowing and voluntary waiver of a statutory right is enforceable).

Moreover, even if Mr. Trujillo had not expressly waived his right to appeal or collaterally attack his sentence, his petition would still fail. In essence, Mr. Trujillo argues that his sentence was based on judicial fact-finding and not supported by a jury verdict. However, this is incorrect. Mr. Trujillo specifically pled guilty to one count of illegal entry. In short, Mr. Trujillo pled guilty to the facts supporting his conviction. Hence, Mr. Trujillo either pled guilty or admitted all requisite facts supporting his conviction and sentence in his plea agreement.

Mr. Trujillo also argues that he is entitled to relief under the new case law of United States v. Booker, No. 04-104 and United States v. Fanfan, No. 04-105, 125 S. Ct. 738 (2005). In essence, Mr. Trujillo argues that he is entitled to retroactive relief under the new case of United States v. Booker, 125 S. Ct. 738 (2005). However, this argument is foreclosed by the recent Ninth Circuit opinion of United States v. Cruz, 423 F.3d 1119 (9th Cir. 2005). In Cruz, the Ninth Circuit specifically held that Booker "is not retroactive, and does not apply to cases on collateral review where the conviction was final as of the date of *Booker's* publication." United States v. Cruz, 423 F.3d at 1121. Since Mr. Trujillo is collaterally attacking his sentence under Booker and that sentence was final before the publication of Booker, his argument is foreclosed by the Cruz case. Accordingly,

//

//

//

**IT IS ORDERED** that Mr. Trujillo's Motion to Vacate, Set Aside or Correct Sentence is **DENIED.**

**IT IS SO ORDERED.**

9-27-07
date

GORDON THOMPSON, JR.
United States District Judge

cc: AUSA Bruce Castetter          Petitioner

04CR1098